UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:18-CV-00418-LLK

BRIAN D. MATHERS                                                                                          PLAINTIFF

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security                    DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying his claim for Social Security disability benefits. Plaintiff's brief is at Docket # 16, and Defendant's fact and law summary is at Docket # 19. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. (Docket # 17.) The matter is ripe for determination.

Plaintiff alleges disability, in part, due to degenerative disc disease of the cervical and lumbar spine and chronic obstructive pulmonary disease (COPD). [Administrative Record ("AR") at 17.] The Administrative Law Judge ("ALJ") rejected the opinions of Plaintiff's treating nurses and every other medical opinion regarding his physical residual functional capacity (RFC) and found that he can perform light work. The facts of this case do not support a finding that Plaintiff has relatively little physical impairment, such that the ALJ was in a position to make a commonsense judgment (based solely on non-medical factors) that Plaintiff is capable of sustaining light work. Therefore, the Court will REMAND this matter to the Commissioner for REDETERMINATION of Plaintiff's RFC.

**Application of the Appendix 2 rules in this case**

A claimant's residual functional capacity (RFC) refers to "the most [he] can still do despite [his] limitations" on a sustained basis. 20 C.F.R. § 404.1545(a)(1). There is conflicting evidence in this case as to whether Plaintiff's impairments result in an RFC for sedentary, light, or medium work.

1

Sedentary work contemplates 6 hours of sitting per 8-hour workday (with standing/walking during the remaining 2 hours). Social Security Ruling (SSR) 83-10, 1983 WL 31251, at *5. In contrast to sedentary work, light and medium work contemplate 6 hours of standing/walking per 8-hour workday (with sitting during the remaining 2 hours). *Id.* at *5-6. The primary difference between light and medium work is that light work requires less lifting/carrying. *Id.* Specifically, light work requires "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds," and medium work requires "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." *Id.*

If Plaintiff has an RFC for sedentary work, beginning on March 2, 2017 (his fiftieth birthday) [AR at 60], he is disabled pursuant to direct application of Rule 201.10 of Appendix 2 of the regulations [AR at 25].[1] If Plaintiff has an RFC for light or medium work, Rules 202.11 and 203.19, respectively, direct an ultimate finding of "not disabled."[2]

**The medical evidence and the administrative hearing**

On October 5, 2015, the Commissioner's non-examining consultant, Diosdado Irlandez, M.D., found, based on review of the available medical records, that Plaintiff's degenerative disc disease and chronic obstructive pulmonary disease (COPD) allow him to perform a limited range of "medium" work. [AR at 82-85.]

On October 5, 2015, Plaintiff's treating nurse at Family Practice Associates, Barbara Thompson, APRN (advanced practice registered nurse), completed the standard Physical Capacities Evaluation form.

---

[1] The ALJ found that Plaintiff has an RFC for light work and cited Rule 202.11 as a framework for decisionmaking. [AR at 25.] The corresponding rule for sedentary work is Rule 201.10. Rule 201.10 contemplates an individual who has a maximum sustained work capability limited to sedentary work, who has an age of closely approaching advanced, has an education of limited or less, and has previous work experience of skilled or semiskilled – skills not transferable.

[2] Rules 202.11 and 203.19 contemplate the same individual as Rule 201.10 except that individual has a maximum stained work capability limited to light and medium work, respectively.

[AR at 336-37.][3] Nurse Thompson found that Plaintiff suffers from degenerative disc disease ("DDD") affecting his "neck, back" and degenerative joint disease ("DJD") affecting his "knees." [AR at 336.] Nurse Thompson limited Plaintiff to sitting for less than 2 hours (total) and standing/walking for less than 2 hours (total) in an 8-hour work day (with normal breaks). [AR at 337.][4]

In June 2016, another nurse at Family Practice, Jessica Muth, APRN, prescribed a "4 point cane" due to Plaintiff's "spinal stenosis, falls." [AR at 425.] In her durable medical equipment (DME) coverage statement to Medicare, Nurse Muth identified the cane as a "quad cane" and the estimated length of need for the cane as "lifetime." [AR at 426.]

In August 2017, at the administrative hearing, the ALJ noted that Plaintiff was "recently prescribed a cane" and asked Plaintiff why he needed it. [AR at 38.] Plaintiff responded "I cannot get up and down the stairs. I cannot bend down and get back up. Sometimes when I get dizzy, to help me balance." [AR at 39.] Plaintiff further testified that he needs the cane due to knee and ankle pain. [AR at 43-44.]

The ALJ asked the vocational expert (VE) to assume an individual who (in addition to Plaintiff's age, education, and previous work experience) can perform a limited range of light work. [AR at 55-56.] The VE testified that such an individual can perform a significant number of light jobs in the national economy such as light assembler, garment sorter, and garment folder. [AR at 56.]

---

[3] Social Security Ruling (SSR) 06-03p, 2006 WL 2329939, at *3 recognizes that:
> With the growth of managed health care in recent years and the emphasis on containing medical costs, medical sources who are not "acceptable medical sources," such as nurse practitioners, physician assistants, and licensed clinical social workers, have increasingly assumed a greater percentage of the treatment and evaluation functions previously handled primarily by physicians and psychologists. Opinions from these medical sources, who are not technically deemed "acceptable medical sources" under our rules, are important and should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the file.

[4] Additionally, Nurse Thompson found that Plaintiff:
1. Can never lift 10 pounds but can frequently lift 5 pounds.
2. Can never engage in postural activities such as climbing, stooping, crouching, kneeling, crawling.
3. Due to impairments, must sit quietly to rest or lie down at unpredictable intervals during the work shift, about 6 times per day for about 15 minutes at a time.
4. Due to impairments or treatment, must be absent from work more than 3 times a month.
[AR at 337.]

The ALJ asked the VE what if "I add that the individual does need a cane to stand and walk." [AR at 56.] The VE testified that the individual "would be limited to sedentary work." [*Id.*][5] Upon cross-examination, the VE testified that acceptance of Nurse Thompson's findings would preclude performance of the light jobs previously identified. [AR at 57.]

**The ALJ's decision**

In his written decision, the ALJ determined that Plaintiff has an RFC for light work. [AR at 19.][6] In support of this determination, the ALJ found that Plaintiff's use of a 4-point quad cane to stand/walk is not "medically necessary" and that Nurse Muth's prescription to the contrary is entitled to "little weight." [AR at 21.] Additionally, the ALJ gave "little weight" to Nurse Thompson's disabling findings (concluding that Plaintiff is less limited) and "little weight" to Dr. Irlandez' finding that Plaintiff can perform medium work (concluding that he is more limited). [AR at 23.]

The ALJ denied Plaintiff's disability claim at the fifth and final step of the sequential evaluate process, finding that, although Plaintiff can no longer perform his past relevant work, he retains the ability to perform the light jobs identified by the VE at the administrative hearing. [AR at 24-25, 56.]

**Plaintiff's argument**

Plaintiff argues that the ALJ's "RFC determination is not supported by substantial evidence" because it is not "supported by a single medical opinion regarding [his] functional limitations." (Docket # 16 at 12, 20). According to Plaintiff, the ALJ's RFC was unsupported because he does not have "relatively little physical impairment," such that the ALJ was in a position (absence a supporting medical opinion) to fairly "render a commonsense judgment about functional capacity." (Docket # 16 at 20) (quoting *Deskin*

---

[5] Needing to use a cane is incompatible with light for two reasons. First, it is at odds with the requirement of light work of having to stand/walk for 6 hours per 8-hour workday. Social Security Ruling (SSR) 83-10, 1983 WL 31251, at *5-6. Second, the fact of having to hold onto the cane is at odds with being able to lift 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. *Id.*

[6] Additionally, the ALJ found that Plaintiff "may occasionally bend, stoop, kneel, crouch, and crawl, but never climb ladders, ropes, or scaffolds." [AR at 19.] Plaintiff "may not work around hazards such as unprotected heights and he must avoid concentrated exposure to vibration and pulmonary irritants such as dust, fumes, and gas." [*Id.*]

4

*v. Comm'r of Soc. Sec.*, 605 F.Supp.2d 908, 912 (N.D. Ohio 2008)). For the reasons below, the argument is persuasive.

As noted above, the ALJ rejected every medical opinion in the administrative record concerning Plaintiff's RFC. Specifically, the ALJ rejected Nurse Muth's opinion that Plaintiff needs a cane to stand/walk, which the VE testified would limit him to sedentary work [AR at 21, 56, 425-26]; the ALJ rejected Nurse Thompson's findings, which would preclude light jobs [AR at 23, 336-37]; and the ALJ rejected the findings of the Commissioner's non-examining consultant, Dr. Irlandez, which would permit Plaintiff to perform medium work (finding that Plaintiff is restricted to light work). [AR at 23, 82-85].

The Sixth Circuit has "rejected the argument that [an ALJ's RFC] determination cannot [in an appropriate case] be supported by substantial evidence unless [at least one] physician offers an opinion consistent with that of the ALJ." *Mokbel-Alijahmi v. Comm'r*, 732 F. App'x 395, 401 (6th Cir. 2018) (citing *Shepard v. Comm'r*, 705 F. App'x 435, 442-43 (6th Cir. 2017) and *Rudd v. Comm'r*, 531 F. App'x 719, 728 (6th Cir. 2013)). While there is no "bright line rule requiring the ALJ to base his or her RFC finding on a physician's opinion," this does not mean that it is always appropriate for an ALJ to fashion an RFC in the absence of a supporting medical opinion (based solely on the ALJ's view of the non-medical evidence and the claimant's credibility). *Gentry v. Comm'r*, No. 1:17-CV-1182, 2018 WL 4305213, at *4 (N.D. Ohio Sept. 10, 2018). In *Gentry*, the District Court held that, under the circumstances, the ALJ erred in fashioning an RFC in the absence of a supporting medical opinion because Gentry did not have "relatively little physical impairment, such that the ALJ [could] make a commonsense judgment about Plaintiff's functional capacity." *Id.* (quoting *Gross v. Comm'r*, 247 F.Supp.3d 824, 830 (E.D. Mich. 2017)).[7] Rather than fashioning his own RFC, "the ALJ could have solicited the opinion of a medical expert, ordered an additional consultative exam, or sent the MRIs, surgical records, and other records back to [the state

---

[7] *Gentry* distinguished *Shepard* and *Rudd* as cases in which the plaintiff had "relatively little physical impairment, such that the ALJ [could] make a commonsense judgment about Plaintiff's functional capacity." *Id. Mokbel-Alijahmi* is distinguishable from the present case for the same reason.

5

agency reviewing physician] for an updated assessment [but] no such steps were taken." *Id.* at *5. The Court remanded the matter to the Commissioner for "redetermination of Gentry's RFC." *Id.*

In this case, the ALJ rejected the opinions of Plaintiff's treating nurses and every other medical opinion regarding his physical capacities. As in *Gentry*, the ALJ erred in fashioning an RFC in the absence of a supporting medical opinion.

Additionally, the reasons given by the ALJ for finding that Plaintiff's cane use is not "medically necessary" are not supported by substantial evidence. [AR at 21.] According to the ALJ, "the need for a cane is dubious given the claimant's generally normal gait and lower extremity strength." [*Id.*] "Despite his complaints of extremity numbness and weakness, neurologic examinations generally revealed full strength and sensation in the extremities, bilaterally symmetric reflexes, and a normal station and gait." [*Id.* referencing AR at 276; 341, 345, 347, 356, 360, 363; 389, 398, 400; 422; 472, 475, 478, 481, 484, 486, 489, 492, 496, 499, 502; 515; 530.] These records cited by the ALJ do not support a finding of "normal gait and lower extremity strength." The only citation that contains more than boilerplate language concerning Plaintiff's "extremities" and "neurologic" is AR at 422, which notes the presence of "antalgic gait."[8] [9] Finally, according to the ALJ, "[r]ecords since the prescription was written do not describe consistent use of the cane when appearing for treatment." [AR at 21 referencing AR at 505-527.] The ALJ

---

[8] An antalgic gait is a limp in which a phase of the gait is shortened on the injured side to alleviate the pain experienced when bearing weight on that side. *Elokobi v. Comm'r*, No. 3:15-cv-77, 2015 WL 8259557, n.5 (S.D. Ohio Dec. 9, 2015).

[9] AR at 341-400 consists of treatment notes for conditions such as numbness of the face and arm, slurred speech, shortness of breath, chest pain, dizziness, leg cramps, headaches, hernia problems, hearing problems, anxiety, and depression. Each note contains boilerplate language to the effect that: "EXTREMITIES: no clubbing, cyanosis, or edema; NEUROLOGIC: nonfocal, motor strength normal upper and lower extremities, sensory exam intact." AR at 472-502 consists of treatment notes from another provider. Each note contains boilerplate language to the effect that: "EXTREMITIES: normal ROM [range of motion] all extremities; with no obvious deformities; with no edema; motor strength equal bilaterally; movement equal bilaterally; no cyanosis noted; no clubbing noted; Pain is normal; Palpation of joints is normal; NEUROLOGICAL: CN [central nerves] 2-12 intact; sensation intact throughout to light touch; no gross neurological deficits noted; Mental status: Normal." AR at 530 consists of a treatment note from another provider. It contains boilerplate language to the effect that: "EXTREMITIES: no edema, no clubbing, cyanosis, or edema, normal gait … NEUROLOGIC: nonfocal, alert and oriented, cranial nerves 2-12 grossly intact, normal strength, tone and reflexes, sensory exam intact." AR 515 says nothing about Plaintiff's lower extremities.

gives no indication why treating sources should have deemed noteworthy Plaintiff's post-prescription cane use.

### A judicial award of benefits is unwarranted.

The remaining question is the appropriate remedy. When a court finds that the ALJ's decision is not supported by substantial evidence, it may award benefits (as opposed to remanding for a new decision) "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Wiser v. Comm'r*, 627 F. App'x 523 (6th Cir. 2015) (quoting *Faucher v. Sec'y of Health & Human Services*, 17 F.3d 171, 176 (6th Cir. 1994)). "A judicial award of benefits is proper only where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking." *Id.* (citing *Mowery v. Sec'y*, 771 F.2d 966, 973 (6th Cir. 1985)).

As noted above, if Plaintiff has an RFC for sedentary work, beginning on March 2, 2017 (his fiftieth birthday) [AR at 60], he is disabled pursuant to direct application of Rule 201.10 of Appendix 2 of the regulations [AR at 25]. The VE testified that acceptance of Nurse Thompson's finding would preclude light work and that, if Plaintiff needs a cane to stand/walk, he is limited to sedentary work. [AR at 56-57.]

Although a close call, the Court cannot say that there is a total lack of evidence that Plaintiff can perform light work. While the ALJ needed some medical support for his finding that Plaintiff can perform light work, the ALJ was not required to accept Nurse Thompson's disabling findings.[10] While the ALJ failed to identify substantial reasons for finding Nurse Muth's cane prescription was not "medically necessary" [AR at 21], nothing in the "mere prescription for a cane provides evidence to indicate the frequency with which the cane should be used, its purpose, or its limit upon Plaintiff's ability to perform light work." *Marko v. Comm'r*, No. 2:16-cv-12204, 2017 WL 3116246, at *5 (E.D. Mich. July 21, 2017).

---

[10] This is because a nurse practitioner is an "other source," rather than an "acceptable medical source" (whose opinion may be entitled to controlling weight), and an ALJ is only required to consider opinions from other sources. *Hill v. Comm'r*, 560 F. App'x 547, 550 (6th Cir. 2014) (citing Social Security Ruling (SSR) 06-03p, 2006 WL 2329939). The ALJ's decision reflects consideration of Nurse Thompson's findings. [AR at 23.]

**Order**

Therefore, this matter is hereby REMANDED to the Commissioner for a new decision, including redetermination of Plaintiff's residual functional capacity, and any further proceedings deemed necessary and appropriate by the Commissioner.

March 28, 2019

Lanny King, Magistrate Judge
United States District Court